United States District Court
Southern District of Texas

**ENTERED**

July 29, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Juan Esquivel Cabrera, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3356 |
| | § | |
| Markwayne Mullin, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Juan Esquivel Cabrera is a native and citizen of Mexico who concedes that he unlawfully entered the United States in 2007. Docs. 1 at 5, 1-2 at 1, 8 at 2. On December 8, 2025, Petitioner was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Montgomery Processing Center in Conroe, Texas. Docs. 1 at 3–5, 8 at 2, 8-1 at 3. On March 24, 2026, an immigration judge denied Petitioner's 42B Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents and ordered him removed to Mexico. Docs. 8 at 2, 8-2. On or about April 9, 2026, Petitioner appealed to the Board of Immigration Appeals, and his appeal remains pending. Docs. 1 at 5, 1-3, 8 at 2–3. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates substantive and procedural due process. Doc. 1 at 7–13.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 8, to which Petitioner has responded in opposition, Doc. 9. Respondents maintain that Petitioner

is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 8; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). This Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 29th of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge

2